# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MALGORZATA K.,<br><br>        Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. 20 C 296<br><br>Magistrate Judge Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

Plaintiff Malgorzata K.[1] seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits. Malgorzata asks the Court to reverse and remand the ALJ's decision, and the Commissioner moves for its affirmance. For the reasons set forth below, the ALJ's decision is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## BACKGROUND

Malgorzata worked as refund coordinator for Advocate Medical Group for several years prior to her alleged onset date. (R. 38, 39, 453). Malgorzata applied for disability insurance benefits in August 2016 due to bipolar disorder, depression, anxiety, migraines, and epicondylitis of the right shoulder. *Id.* at 75. She testified that she became unable to perform her job duties due to a combination of her conditions. *Id*. at 41-42. She was born on February 7, 1969, she was 46

---

[1] Pursuant to Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff by his first name and the first initial of his last name or alternatively, by first name.

years old at the time of her alleged onset date, and she was 49 years old when the ALJ issued his decision. *Id*. at 24, 74.

Malgorzata's claim was initially denied on October 24, 2016, and upon reconsideration on March 24, 2017. *Id*. at 86, 102. Upon Malgorzata's written request for a hearing, she appeared and testified at a hearing held on June 4, 2018 before ALJ William Mackowiak. *Id.* at 30-73. On November 2, 2018, the ALJ issued a decision denying Malgorzata's application for disability benefits. *Id.* at 15-24. The opinion followed the required five-step evaluation process. 20 C.F.R. §§ 404.1520. At step one, the ALJ found that Malgorzata had not engaged in substantial gainful activity since January 21, 2016, the alleged onset date. (R. 17). At step two, the ALJ found that Malgorzata had the severe impairments of bipolar mixed disorder, migraines, and right upper extremity musculoskeletal problem. *Id.* At step three, the ALJ determined that Malgorzata did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). *Id.* at 17.

The ALJ then concluded that Malgorzata retained the residual functional capacity ("RFC") to perform at most sedentary work (20 C.F.R. § 404.1567(a)), except: she is limited to frequent handling and fingering bilaterally; she cannot use foot controls and must avoid concentrated exposure to odors, fumes, and loud noises; she cannot perform work requiring more than simple work place judgement; she is limited to simple work related decision, simple routine repetitive tasks with few if any workplace changes; and she cannot have rapid production quotas or frequent interaction with the public, coworkers, or supervisors. (R. 19). Based on this RFC, the ALJ determined at step four that Malgorzata could not perform her past relevant work as a medical biller. *Id.* at 23. Because of this determination, at step five, the ALJ determined that Malgorzata

is able to perform the requirements of an inspector, a bench packer, and an assembler. *Id.* at 24. Therefore, the ALJ found that Malgorzata was not disabled. *Id.* at 23-24. The Appeals Council denied Malgorzata's request for review on November 12, 2019, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-3; *Prater v. Saul*, 947 F.3d 479, 481 (7th Cir. 2020).

## **DISCUSSION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the ALJ conducts a five-step inquiry: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals any of the listings found in the regulations, *see* 20 C.F.R. § 404, Subpt. P, App. 1 (2004); (4) whether the claimant is unable to perform his former occupation; and (5) whether the claimant is unable to perform any other available work in light of his age, education, and work experience. 20 C.F.R. § 404.1520(a)(4); *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992); *Zalewski v. Heckler*, 760 F.2d 160, 162 (7th Cir. 1985). These steps are to be performed sequentially. 20 C.F.R. § 404.1520(a)(4). "An affirmative answer leads either to the next step, or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Zalewski*, 760 F.2d at 162.

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon a legal error. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla" and means only

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Furthermore, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the" ALJ's. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Nonetheless, where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele*, 290 F.3d at 940.

Malgorzata seeks a remand based on various arguments, including a borderline age issue. Defendant argues that Malgorzata waived the borderline age argument. For the reasons discussed below, the ALJ's decision is reversed. Because the Court is remanding on the borderline age issue, it will not address Malgorzata's other arguments.

**A. Waiver**

It is well established that arguments are waived if not raised in the opening brief. *Martin v. Kijakazi,* No. 21-1920, 2022 WL 1681656, at *3 (7th Cir. 2022); *Brown v. Colvin*, 661 F. App'x 894, 895 (7th Cir. 2016); *Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013). "Arguments raised for the first time in [the] reply brief are waived because they leave no chance to respond." *White v. United States,* 8 F.4th 547, 552–53 (7th Cir. 2021) (citations omitted). Further, it is not enough for a party to "mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *Id.* (citations omitted) (quotations omitted). In her opening brief, Malgorzata argued that the ALJ did not consider the Medical Vocational Guideline pertaining to individuals approaching advanced age, and instead only considered the grid that applies to younger individuals. Doc. [10] at 7; *McKay v. Colvin*, No. 15 C 9522, 2016 WL 6432582, at *4 (N.D. Ill. Oct. 31, 2016) (the Commissioner's Medical-Vocational Guidelines, or Grid "reflect the Social

Security Administration's determination that certain combinations of age, education, work experience, and exertional limitations direct a finding of either disabled or not disabled at step five of the disability analysis."). In its response, the Defendant acknowledged that Malgorzata raised an issue relating to her age, but it argued that the borderline age issue was waived. Doc. [13] at 3. In her reply, Malgorzata fully flushed out her borderline age argument. Doc. [14] at 1-3. The Court then permitted Defendant to file a sur-reply, however, Defendant did not address the borderline age issue in that sur-reply, but instead, it continued to argue that the issue was waived. Doc. [16].

While Malgorzata did not explicitly state the words "borderline age issue" in her opening brief, and she could have certainly developed the argument further, the issue was not introduced in a perfunctory way to constitute a waiver. Malgorzata stated that a person who is approaching the advanced age category, and is limited to sedentary work, could be found disabled. Doc. [10] at 7. Malgorzata then argued that the ALJ should have considered the corresponding approaching advanced age grid. *Id.* The Court finds that Malgorzata sufficiently raised the borderline age issue in her opening brief because she provided enough context for the argument. So much so that the Defendant referenced the borderline age issue as waived in its response brief, even though Malgorzata did not use those explicit words in her opening brief. Also, and more importantly, Defendant had an opportunity to respond to the issue in the sur-reply and it chose not to. For these reasons, the Court finds that the borderline age argument was not waived.

### B. Borderline Age Issue

A claimant under the age of 50 years old is considered a "younger person" whose age will not seriously affect his or her ability to adjust to other work. 20 C.F.R. § 404.1563(c). "By contrast, a person who is between the ages of 50 and 54 years old is considered to be closely approaching advanced age, and this, along with other factors such as severe impairments and limited work

experience, may seriously affect [the claimant's] ability to adjust to other work." *Pelech v. Colvin*, No. 14 C 7021, 2016 WL 727208, at *6 (N.D. Ill. Feb. 22, 2016) (citing § 404.1563(d)) (quotations omitted). An ALJ must consider the different age categories when determining a claimant's ability to work. 20 C.F.R. § 404.1563(b). However, in the event of a borderline age situation—meaning a situation in which a claimant is close to a different age category—the categories should not be applied mechanically. *Id.* Section 404.1563(b) indicates a "two-part analysis in determining whether a borderline situation exists: (1) whether the claimant's age is within a few days or months of a higher age category; and (2) whether using the higher age category would result in a finding of disability." *Pelech*, 2016 WL 727208, at *6 (quotations omitted).

Moreover, a divergence of opinion exists within the circuits on the issue of whether an ALJ must "explicitly show" that he considered the borderline age issue. *Anderson v. Astrue*, No. 09 C 2399, 2011 WL 2416265, at *13 (N.D. Ill. June 13, 2011). The Seventh Circuit has not expressly addressed the issue, however, in this district, courts have held that the absence of a statement by the ALJ showing that he "considered which category was the appropriate one in which to place the plaintiff ... alone requires remand," as such an absence makes it "impossible for there to be meaningful review of the age category determination." *Figueroa v. Astrue*, 848 F. Supp. 2d 894, 899-900 (N.D. Ill, 2012); *see also Cisero v. Colvin*, No. 14 C 8419, 2016 WL 3568082, at *3 (N.D. Ill. June 24, 2016); *Pelech*, 2016 WL 727208, at *7.

In *Figueroa v. Astrue,* the court remanded where the ALJ did not consider whether a claimant who was less than three months shy of his 50th birthday, at the time of the ALJ's decision, should have been put in the 50-54 age group category. 848 F. Supp. 2d at 902. In *Pelech v. Colvin,* the claimant was less than four months away from his 50th birthday on the date the ALJ issued his decision. 2016 WL 727208, at *7–8. There, the ALJ noted the claimant's date of birth and his age

6

on his date last insured. *Id.* Consequently, the district court found that remand was necessary because the ALJ did not state whether he considered the borderline age situation at all, and because the claimant's sedentary RFC would have dictated a finding of disabled if the ALJ had considered the next age category. *Id.* ("We have no idea whether the ALJ considered Mr. Pelech's approaching 50th birthday as a borderline age situation, or whether he simply looked at Mr. Pelech's chronological age and applied the 'younger individual' age group in a mechanical fashion and without further thought.").

In the present case, Malgorzata was about three months away from her 50th birthday on the day the ALJ issued his decision. Yet, the ALJ made no mention of the borderline age situation. In his decision, the ALJ only noted that Malgorzata was born on February 7, 1969, and that she was 46 years old, which is defined as a younger individual, on the alleged onset date. (R. 23). The ALJ then considered Malgorzata's high school education and determined that based on the Medical Vocational Rules, she was not disabled. *Id.* Further, the ALJ considered the vocational expert's testimony in finding that Malgorzata can still perform three unskilled sedentary jobs in the national economy. *Id.* at 23-24.

The ALJ did not minimally articulate whether he considered Malgorzata approaching 50th birthday as a borderline age situation. *Moody v. Berryhill*, 245 F. Supp. 3d 1028, 1034 (C.D. Ill. 2017) ("Without an acknowledgment that there was a borderline age situation, the ALJ's opinion only shows a mechanical application of the age categories, which § 404.1563(b) forbids."). Moreover, if the ALJ considered Malgorzata as a person approaching advanced age, the ALJ would have to apply a different section of the grid to determine disability. Because Malgorzata was approaching advanced age, has a high school degree, has previous work at the semiskilled and skilled level, and has an unskilled sedentary RFC, she could have been categorized as "disabled"

7

under Rule 201.14 of the grid. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2. As such, the ALJ's categorization of Malgorzata's age is important to the determination of disability. Therefore, the Court cannot find that the ALJ's error was harmless. To be clear, the Court does not hold that the ALJ must consider Malgorzata as a person approaching advanced age; rather the ALJ must minimally articulate that he considered the borderline age issue and identify his resolution of the issue.

On remand, the ALJ should consider Malgorzata's arguments relating to the disability period between 2016 and 2018. Malgorzata is also encouraged to raise these arguments before the ALJ.

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Summary Judgment [12] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant Commissioner of Social Security.

**SO ORDERED.**

Dated: June 23, 2022

_____
Sunil R. Harjani
United States Magistrate Judge